Terry ALLRED, Plaintiff and Appellant,

v.

**EDUCATORS MUTUAL INSURANCE
ASSOCIATION OF UTAH,**
Defendant and Appellee.

No. 940471.

Supreme Court of Utah.

Jan. 12, 1996.

Gregory Skabelund, Logan, for plaintiff.

Michael T. McCoy, Murray, for defendant.

DURHAM, Justice.

This is an appeal from the trial court's order confirming an arbitration award and dismissing plaintiff Terry Allred's breach of contract action against defendant Educators Mutual Insurance Association of Utah (Educators Mutual). We affirm.

Allred, a former employee of Cache County School District (the district), was a beneficiary under a group long-term disability policy issued by Educators Mutual. In August of 1984, Allred allegedly became disabled due to both physical and mental illnesses and subsequently terminated his employment with the district. On November 30, 1988, Allred submitted a request for disability relief to Educators Mutual. Waiving requirements for both a one-year submission of claim and a twenty-day notice from time of disability, Educators Mutual allowed Allred to submit his disability claim pursuant to the claims review and arbitration provisions of the policy. Educators Mutual informed Allred on March 9, 1989, that it had denied his claim for benefits and that he had a right to

an additional review. Allred refiled his claim. After further review, the claims review committee notified Allred on August 14, 1989, of its final decision to deny benefits.

Section 10.5 of Educators Mutual's long-term disability policy provides, "If an insured is not satisfied with the decision of the claims review committee, the insured, or his representative, shall file a written request for arbitration of the disputed claim within 15 days after receiving the decision of the claims review committee." Instead of timely filing a written request for arbitration as the insurance policy required, Allred waited nearly sixty days and then filed a breach of contract action against Educators Mutual to recover past and future disability benefits.

In its answer to Allred's amended complaint, Educators Mutual set forth as an affirmative defense Allred's failure to request mandatory arbitration and subsequently moved to dismiss Allred's breach of contract claim on this ground. The trial court rejected Allred's claim that Educators Mutual had waived the policy's arbitration provision and, in accordance with the Utah Arbitration Act, Utah Code Ann. §§ 78–31a–1 to –20 (the Act), entered an order of stay pending arbitration.[1]

Allred's claim was heard by an arbitration committee, which denied his application for long-term disability benefits. Allred did not move to vacate the arbitration award as provided for under section 78–31a–14. The trial court, on motion by Educators Mutual, entered an order confirming the arbitration award and dismissing Allred's complaint. Allred filed this appeal.

Allred raises three issues requiring disposition: (1) whether the trial court erred in finding that the 1983 arbitration provision covering future disputes did not violate Utah law prior to the 1985 amendment to the Act; (2) whether the trial court erred in confirming an arbitration award that was not signed by all members of the arbitration committee and therefore did not comply with the procedural requirements outlined in section 78–

---

1. Specifically, under Utah Code Ann. § 78–31a–4(1), "[t]he court, upon motion of any party showing the existence of an arbitration agreement, shall order the parties to arbitrate." Also,

section 78–31a–4(3) provides in pertinent part, "An order to submit an agreement to arbitration stays any action or proceeding involving an issue subject to arbitration under the agreement."

31a–10(1); and (3) whether the trial court erred in granting Educators Mutual's motion to confirm the arbitration and in dismissing the complaint when genuine issues of material fact remained as to Allred's qualification for long-term disability benefits.

■ The Act supports arbitration of both present and future disputes and reflects long-standing public policy favoring speedy and inexpensive methods of adjudicating disputes. *Giannopulos v. Pappas,* 80 Utah 442, 449, 15 P.2d 353, 356 (1932). Given the public policy and law in support of arbitration, judicial review of arbitration awards confirmed pursuant to the Act is limited to those grounds and procedures provided for under the Act. *Robinson & Wells, P.C. v. Warren,* 669 P.2d 844, 846 (Utah 1983). In *Utility Trailer Sales of Salt Lake, Inc. v. Fake,* 740 P.2d 1327, 1329 (Utah 1987), we discussed the correct standard of review as follows:

> In order to serve that policy and achieve its objective, judicial review of arbitration awards should not be pervasive in scope or susceptible to repetitive adjudications, but should be limited to the statutory grounds and procedures for review. As a general rule, awards will not be disturbed on account of irregularities or informalities, or because the court does not agree with the award, so long as the proceeding has been fair and honest and the substantial rights of the parties have been respected.

(Citing *Robinson,* 669 P.2d at 846.)

■ Allred's claim that the arbitration provisions in the 1983 policy covering future disputes were contrary to Utah law in effect at the time the policy was issued is incorrect. Originally, the Act applied only to the arbitration of existing controversies and did not cover agreements to arbitrate future disputes. *See, e.g., Barnhart v. Civil Serv. Employees Ins. Co.,* 16 Utah 2d 223, 230, 398 P.2d 873, 878 (1965); *Johnson v. Brinkerhoff,*

89 Utah 530, 544, 57 P.2d 1132, 1139 (1936). However, in 1977, the Utah legislature amended the Act to include the arbitration of future disputes.[2] Under Utah Code Ann. § 78–31–1 (1977), "[t]wo or more parties may agree in writing to submit to arbitration ... any controversy existing between them at the time of the agreement ... or they may agree to submit to arbitration any controversy which may arise in the future."[3] In *Lindon City v. Engineers Construction Co.,* 636 P.2d 1070, 1074 (Utah 1981), we recognized this change in Utah law and the constitutionality of the 1977 amendment:

> In the *Barnhart* case, this Court held that inasmuch as the legislature had not amended the arbitration statute, we would adhere to the law as previously established and would decline to enforce an agreement for arbitration of controversies which might arise in the future.... The legislature responded to the clarion opinions expressed by members of this Court and amended the statute [in 1977] to permit valid and enforceable agreements for arbitration of future disputes. This amendment does not violate Article I, Section 11, Constitution of Utah.

Thus Utah law has favored arbitration provisions covering future disputes since 1977. Since Educators Mutual's policy was activated in 1983, we reject Allred's argument that the policy's arbitration provision violates Utah law.

■ Allred next claims that the trial court erred in confirming the arbitration award because it was not signed by the members of the arbitration committee. Section 78–31a–10(1) states that an "arbitration award shall be in writing and signed by the arbitrators who join in the award." However, as discussed above, an arbitration award "will not be disturbed on account of irregularities or informalities." *Fake,* 740 P.2d at 1329. Failure to comply with procedural requirements

---

2. This undermines Allred's claim that the trial court erred in applying the Act retroactively. Utah law changed in 1977, and the long-term disability policy containing the arbitration provision covering future disputes became effective in 1983.

3. The legislature amended this provision in 1985. Under Utah Code Ann. § 78–31a–3, "[a] written agreement to submit any existing or future controversy to arbitration is valid, enforceable, and irrevocable, except upon grounds existing at law or equity to set aside the agreement, or when fraud is alleged as provided in the Utah Rules of Civil Procedure."

such as the signature requirement is an irregularity and as such cannot by itself support appellate intervention. There is no indication that the substantive legitimacy of the award order is in question. Accordingly, we reject Allred's claim that noncompliance with section 78–31a–10(1)'s signature requirement constitutes reversible error.

■ Finally, Allred claims that the trial court erred in confirming the arbitration award and dismissing his breach of contract action because genuine issues of material fact remain as to his eligibility for long-term disability benefits. However, appellate review of an arbitration award confirmed under the Act is limited to examining whether the arbitration proceeding was fair and honest and whether the substantial rights of the parties were respected. Utah law presumes that an arbiter appointed and authorized by the parties is capable of examining legal documents and statutes to determine questions of construction or validity. *Lindon City*, 636 P.2d at 1073. Therefore, we will not conduct a substantive review of the merits of a matter subject to arbitration. A party who desires to avoid this limitation on appellate review must take affirmative action at the outset to remove the dispute from the Act's jurisdiction. For example, under the Utah Declaratory Judgment Act, Utah Code Ann. §§ 78–33–1 to –13, a party may initiate a declaratory judgment action to challenge the validity of a contractual obligation to arbitrate disputes.

■ In addition, the Act recognizes that grounds may exist in law, in equity, or in cases of fraud to remove a dispute from its terms. Utah Code Ann. § 78–31a–3. A court judgment declaring an arbitration provision null or void under these provisions would permit the parties to seek judicial resolution of the dispute. For example, a party may seek judicial recognition that the opposing party has waived its contractual right to arbitrate.[4]

■ Allred did not seek a declaratory judgment on whether the insurance policy's arbitration provision was binding on the parties, nor did he challenge the Act's applicability under principles of law or equity. Therefore, Allred failed to remove his dispute from the terms of the Act.

Because we hold that the Act applies, we look to its terms for guidance on the appropriate means to challenge court confirmation of the arbitration award. The Act provides specific statutory grounds and procedures for the review of arbitration awards. Sections 78–31a–13 and –14 allow any party to move the court for modification or vacation of the award and direct the court to grant such motion if any of the statutorily authorized grounds are present.

First, under section 78–31a–13(1), "[u]pon motion of any party to the arbitrators or upon order of the court pursuant to a motion, the arbitrators may modify the award if: (a) there is an evident miscalculation of figures or description . . . ; (b) the award is imperfect as to form; or (c) necessary to clarify any part of the award." Second, under section 78–31a–14(1), a party can move for vacation of the arbitration award under the following circumstances:

(a) the award was procured by corruption, fraud, or other undue means;

(b) an arbitrator, appointed as a neutral, showed partiality, or an arbitrator was guilty of misconduct that prejudiced the rights of any party;

(c) the arbitrators exceeded their powers;

(d) the arbitrators refused to postpone the hearing upon sufficient cause shown, refused to hear evidence material to the controversy, or otherwise conducted the hearing to the substantial prejudice of the rights of a party; or

(e) there was no arbitration agreement between the parties to the arbitration proceeding.

■ These procedural safeguards are designed to protect against arbitrary, unfair, or prejudicial treatment in the arbitration process. However, failure to timely file a mo-

---

**4.** In *Chandler v. Blue Cross Blue Shield*, 833 P.2d 356, 358–59 (Utah 1992), this court held that a party waives the right to binding arbitration where that party substantially participates in the litigation process and the participation results in prejudice to the opposing party.

tion to either modify or vacate the award forecloses a comprehensive review on the merits of the arbitration process. *See, e.g., Robinson,* 669 P.2d at 848.

After receiving notice of the arbitration award by a letter dated October 6, 1993, Allred failed to move the trial court to vacate the award pursuant to section 78–31a–14(1). Instead, Allred relied solely on his memorandum in opposition to Educators Mutual's motion to confirm the arbitration award and dismiss the complaint to persuade the trial court not to confirm the award or dismiss his action. Having ignored the procedural guidelines established for review of arbitration awards, Allred has also failed to identify any statutorily recognized grounds for vacating the award.

Because Allred failed to challenge the validity of the arbitration of his claim in the manner prescribed by the Act or under any of the statutorily recognized grounds for vacating the arbitration award, we affirm the trial court's order.

ZIMMERMAN, C.J., STEWART, Associate C.J., HOWE and RUSSON, JJ., concur in Justice DURHAM's opinion.