**2020 UT App 133**

## THE UTAH COURT OF APPEALS

ECO BOX FABRICATORS LLC, RODNEY A. NEWMAN,
SUSAN MARTINDALE, AND THE SUSAN MARTINDALE LIVING TRUST,
Appellees,
*v.*
TORY R. ZWEIGLE,
Appellant.

Opinion
No. 20190278-CA
Filed September 24, 2020

Third District Court, Salt Lake Department
The Honorable Todd M. Shaughnessy
No. 180901221

J. Morgan Philpot, Attorney for Appellant

Heather M. Sneddon and Jared D. Scott,
Attorneys for Appellees

JUDGE DIANA HAGEN authored this Opinion, in which
JUDGES MICHELE M. CHRISTIANSEN FORSTER and JILL M. POHLMAN
concurred.

HAGEN, Judge:

¶1     Tory R. Zweigle appeals the district court's denial of his motion to vacate an arbitration award in favor of Eco Box Fabricators LLC, Rodney A. Newman, Susan Martindale, and the Susan Martindale Living Trust (collectively, Appellees). Zweigle claims that the award should have been vacated because the arbitrator exceeded his authority in several respects, improperly applied Utah law to the parties' claims, and awarded unconstitutionally excessive punitive damages. He also claims that the district court erroneously failed to hold a hearing on his motion to vacate. We reject each of Zweigle's arguments on appeal and affirm the district court's order. We also award

attorney fees requested by Appellees for their defense of this appeal and remand to the district court for calculation of fees reasonably incurred.

BACKGROUND

¶2 In 2017, Zweigle and Newman formed Eco Box Fabricators LLC to manufacture shipping container housing units. Zweigle and Newman executed a limited liability company agreement under which Newman would invest $695,000 in cash and Zweigle would contribute non-monetary assets, namely his purported expertise and experience in manufacturing shipping container housing. Specifically, Zweigle claimed to have spent several years designing shipping container homes, paying architects to create drawings of his designs, sending these drawings to a manufacturer in China, and eventually selling the homes to Chinese customers.

¶3 A few months after the formation of Eco Box, Susan Martindale, a friend of Newman, purchased a 20% share in the company. Zweigle, Newman, and Martindale executed an amended limited liability company agreement (the LLC Agreement), and Martindale deposited $300,000 into Eco Box's account. The LLC Agreement contained an arbitration provision directing the parties to engage in binding arbitration to settle "any controversy, dispute or claim arising out of or in connection with or relating to" the LLC Agreement. It also contained a dispute resolution provision, which provided that before arbitration, managers must first engage a designated business consultant and then initiate mediation.

¶4 Newman and Martindale soon discovered that Zweigle had misrepresented aspects of his prior experience and fraudulently obtained funds from Eco Box for his personal use. They initiated litigation and voted to remove Zweigle from Eco Box. In response, Zweigle filed a motion to compel arbitration,

arguing that the LLC Agreement required the parties to engage in the specified dispute resolution process, including mediation and binding arbitration. Appellees filed an arbitration demand and responded to Zweigle's motion to compel arbitration, agreeing that the majority of the claims should be decided by arbitration but arguing that at least some of them fell outside the scope of the arbitration clause in the LLC Agreement. Zweigle responded by seeking to withdraw his motion to compel arbitration, stating he now expressly "reject[ed] arbitration." He then filed an answer, third-party complaint, and counterclaims.

¶5 Eventually, the parties agreed to arbitrate their claims and reached a stipulation regarding the scope of the arbitration (the Stipulated Arbitration Agreement). Appellees' counsel sent the stipulation to Zweigle's counsel via email, the relevant portion of the stipulation reading as follows:

> The parties have agreed that the AAA arbitration will proceed with respect to all claims between Rod Newman, Tory Zweigle, Susan Martindale, the Susan Martindale Living Trust, and Eco Box Fabricators, LLC. . . .
>
> Mr. Zweigle hereby withdraws all objections to the arbitration with respect to the foregoing parties and the claims between them.

Zweigle's counsel confirmed that the Stipulated Arbitration Agreement was accurately represented by Appellees' email.

¶6 The parties began the arbitration process, which culminated in a final arbitration hearing in September 2018. On October 5, 2018, the arbitrator issued an interim award in favor of Appellees. Specifically, the arbitrator concluded that Zweigle fraudulently induced Appellees to enter into the LLC Agreement by lying about his previous experience in the business. The arbitrator noted that there was no evidence showing Zweigle

had any previous experience designing and manufacturing shipping container housing. The arbitrator also determined that Zweigle had materially breached the LLC Agreement and committed fraud by obtaining funds from the business that he used for personal expenses. The arbitrator ultimately concluded that a "pattern of willful misrepresentation and defiance of important fiduciary duties was abundantly clear." He awarded Appellees $403,894.52 in damages and $500,000 in punitive damages and ordered rescission of the LLC Agreement. He later awarded attorney fees and costs.

¶7 Appellees filed a motion with the district court to affirm the arbitration award. Zweigle did not file an opposition to that motion, but instead filed a motion to vacate the award. In his motion, Zweigle requested a hearing pursuant to rule 7(h) of the Utah Rules of Civil Procedure. Appellees opposed this motion. Without holding a hearing, on March 1, 2019, the district court denied Zweigle's motion to vacate and granted Appellees' motion to affirm the arbitration award. The court entered judgment against Zweigle and awarded Appellees the attorney fees they had incurred since the entry of the final arbitration award. Zweigle now appeals.

ISSUES AND STANDARDS OF REVIEW

¶8 On appeal, Zweigle first contends that the district court erred by not holding a hearing under rule 7(h) of the Utah Rules of Civil Procedure on his motion to vacate the arbitration award. "We review the district court's interpretation and application of the rules of civil procedure for correctness and will reverse only if the appellant shows error that was substantial and prejudicial." *Conner v. Department of Com.*, 2019 UT App 91, ¶ 15, 443 P.3d 1250 (cleaned up).

¶9 Next, Zweigle contends that the district court erred in denying his motion to vacate the arbitration award. "In

reviewing the order of a [district] court confirming, vacating, or modifying an arbitration award, we grant no deference to the district court's conclusions of law but review them for correctness, and we review the district court's factual findings under a clearly erroneous standard." *Evans v. Nielsen*, 2015 UT App 65, ¶ 7, 347 P.3d 32 (cleaned up).

## ANALYSIS

### I. Failure to Hold Hearing

¶10 Zweigle first challenges the district court's decision not to hold a hearing on his motion to vacate. Zweigle contends that the court's refusal was improper under rule 7(h) of the Utah Rules of Civil Procedure and violated his due process rights. Rule 7(h) states that the court "must grant a request for a hearing on . . . a motion that would dispose of the action or any claim or defense in the action unless the court finds that the motion or opposition to the motion is frivolous or the issue has been authoritatively decided." Utah R. Civ. P. 7(h). Assuming, without deciding, that rule 7(h) applies to a motion to vacate an arbitration award, we conclude Zweigle has failed to demonstrate that the failure to hold a hearing was a substantial and prejudicial error.

¶11 Zweigle "has the burden to show not only that the error occurred but also that it was substantial and prejudicial." *See Stevenett v. Wal-Mart Stores, Inc.*, 1999 UT App 80, ¶ 8, 977 P.2d 508. To show the error was substantial and prejudicial, Zweigle must demonstrate that "there is at least a reasonable likelihood that in the absence of the error the result would have been different." *Ross v. Epic Eng'g PC*, 2013 UT App 136, ¶ 12, 307 P.3d 576 (cleaned up). However, Zweigle has not pointed to any evidence that he would have sought to admit had the court held an evidentiary hearing or explained how oral argument would have changed the outcome. Instead, Zweigle simply contends

that the failure to hold a hearing "materially prejudiced" him because the court "glossed over" both "disputed facts (i.e. whether an email from Mr. Zweigle's counsel waived or modified the terms of the parties['] arbitration agreement)" and "disputed legal issues (i.e. the statutory authority of an arbitrator, and the jurisdiction of the arbitrator in this matter)." But these very arguments were made in Zweigle's written memorandum in support of his motion to vacate and were rejected by the district court when it denied the motion. He has not demonstrated that, had the court held a hearing, there is a reasonable likelihood that the outcome would have been different. Therefore, any error in not holding a hearing was harmless.

## II. Grounds for Vacating Award

¶12 Next, Zweigle argues that the district court erred in failing to vacate the arbitration award on various grounds. The arbitration process in Utah is governed by the Utah Uniform Arbitration Act (the Act). The Act "reflects long-standing public policy favoring speedy and inexpensive methods of adjudicating disputes." *Allred v. Educators Mutual Ins. Ass'n of Utah*, 909 P.2d 1263, 1265 (Utah 1996). Thus, when a district court reviews an arbitration award, its standard of review "is an extremely narrow one giving considerable leeway to the arbitrator." *Softsolutions, Inc. v. Brigham Young Univ.*, 2000 UT 46, ¶ 10, 1 P.3d 1095. "The trial court may not substitute its judgment for that of the arbitrator, nor may it modify or vacate an award because it disagrees with the arbitrator's assessment." *Id.* (cleaned up).

¶13 "Given the public policy and law in support of arbitration, judicial review of arbitration awards . . . is limited to those grounds and procedures provided for under the Act." *Allred*, 909 P.2d at 1265. The grounds for vacating an arbitration award are limited to the following circumstances: (a) "the award was procured by corruption, fraud, or other undue means";

(b) the arbitrator showed partiality or corruption or was guilty of prejudicial misconduct; (c) the arbitrator refused to postpone a hearing, hear material evidence, or otherwise conduct a hearing pursuant to the Act, to the substantial prejudice of the rights of a party; (d) the arbitrator exceeded his or her authority; (e) "there was no agreement to arbitrate"; or (f) "the arbitration was conducted without proper notice . . . so as to substantially prejudice the rights of a party." Utah Code Ann. § 78B-11-124(1) (LexisNexis 2018). A party seeking to vacate an arbitration award has the burden to point the court to which statutory ground justifies setting aside the award. *See Allred*, 909 P.2d at 1267 (affirming the district court's order denying a motion to vacate because the moving party "failed to challenge the validity of the arbitration of his claim in the manner prescribed by the Act or under any of the statutorily recognized grounds for vacating the arbitration award"); *see also Youngs v. American Nutrition, Inc.*, 537 F.3d 1135, 1141 (10th Cir. 2008) ("The burden is on the party seeking to vacate an arbitration award . . . to show that one of the limited statutory grounds exists for setting aside the arbitration result.").

¶14    Zweigle argues that the district court erred in denying his motion to vacate the arbitration award on six grounds. He characterizes the first four grounds as instances of the arbitrator exceeding his authority under section 78B-11-124(1)(d). First, he asserts that there was no agreement to arbitrate issues that had not been subject to the dispute resolution process outlined in the LLC Agreement. Second, he argues that because Eco Box was not a party to the LLC Agreement, the arbitrator exceeded his authority by resolving claims brought by Eco Box. Third, he claims that equitable rescission of the LLC Agreement was an improper remedy imposed by the arbitrator. Fourth, he argues that the arbitrator failed to consider his claims for breach of contract and declaratory relief. The district court rejected each of these arguments, concluding that Zweigle had "agreed to the scope of the arbitration proceeding." We agree with the district

court that the terms of the Stipulated Arbitration Agreement resolve each of these four claims.

¶15    Zweigle initially takes issue with the arbitrator's resolution of claims that were not first subject to the formal dispute resolution process outlined in the LLC Agreement. He argues that the LLC Agreement expressly states that "arbitration is not agreed to or authorized on any claim until the 'dispute resolution' provisions . . . are followed." Zweigle correctly notes that he initially objected to arbitration on the basis that the prerequisite dispute resolution steps in the LLC Agreement had not been satisfied. But when he later stipulated to arbitrate all claims between the parties, he expressly withdrew any objections to arbitration, which necessarily included his claim that the arbitration was not authorized by the terms of the LLC Agreement. Based on the Stipulated Arbitration Agreement, the arbitrator had authority to resolve all claims, notwithstanding any limitations in the LLC Agreement.

¶16    Second, Zweigle claims that the arbitrator "exceeded his authority by resolving claims by [Eco Box] because [Eco Box] is not a party to the arbitration agreement." He claims that because there was "no agreement, in writing or otherwise, that defines the terms or scope of arbitration available to Eco Box," the "arbitrator was prohibited from considering Eco Box claims." Again, Zweigle's argument fails because the scope of the arbitrator's authority was based on the Stipulated Arbitration Agreement and was not limited by the terms of the LLC Agreement. The Stipulated Arbitration Agreement clearly stated that the parties agreed to arbitrate "all claims" between the parties, including "Eco Box Fabricators, LLC."

¶17    Third, Zweigle argues that the arbitrator exceeded his authority by imposing equitable rescission of the LLC Agreement as a remedy, because equitable rescission "was not part of any claim submitted by [Appellees]," and therefore was

outside the scope of the Stipulated Arbitration Agreement. Arbitrators have wide latitude to fashion remedies pursuant to the Act. Under Utah Code section 78B-11-122, an arbitrator has the authority to "order any remedies as the arbitrator considers just and appropriate under the circumstances of the arbitration proceeding," and the "fact that a remedy could not or would not be granted by the court is not a ground for refusing to confirm . . . or for vacating an award." Utah Code Ann. § 78B-11-122(3) (LexisNexis 2018). Here, the arbitrator ordered rescission of the contract after finding that Zweigle had fraudulently induced Newman and Martindale to enter into the LLC Agreement. Even if Appellees had not specifically requested rescission prior to the parties entering into the Stipulated Arbitration Agreement, the arbitrator did not exceed his authority in his choice of remedy.

¶18   Fourth, Zweigle argues that the arbitrator failed to consider all the claims between the parties. Specifically, Zweigle claims that the arbitrator ignored his breach of contract and declaratory relief claims, which were based on the argument "that the dispute resolution process required by the parties' written agreement had not been followed and therefore there was no basis to move forward with arbitration." Zweigle contends that, in agreeing to the Stipulated Arbitration Agreement, he "was expressly agreeing to arbitrate—so long as all claims [were considered]—including his claim that none of the Appellees' claims were authorized for arbitration unless and until they complied with the dispute resolution process" outlined in the LLC Agreement. But the Stipulated Arbitration Agreement contained no such caveat. Instead, Zweigle "withdrew all objections to the arbitration with respect to the foregoing parties and the claims between them," effectively waiving any breach of contract or declaratory relief claim based

on failure to follow the dispute resolution process outlined in the LLC Agreement.[1]

¶19 Zweigle makes two additional arguments on appeal that do not appear to be based on the scope of the arbitrator's authority. First, he argues that the arbitrator erred by applying Utah law when the LLC Agreement designated the application of Delaware law. Second, he claims that the punitive damages awarded by the arbitrator were unconstitutionally excessive. But Zweigle has not explained how these arguments fit within the limited statutory grounds for vacating an arbitration award.

¶20 The moving party has the burden of establishing a recognized statutory ground for vacating an arbitration award. *See* Utah Code Ann. § 78B-11-124; *see also Allred v. Educators Mutual Ins. Ass'n of Utah*, 909 P.2d 1263, 1267 (Utah 1996). The district court rejected Zweigle's remaining arguments because Zweigle failed to invoke any applicable statutory ground. Specifically, the district court ruled that "none of [his] other arguments concerning the conduct of the arbitrator or the proceeding are grounds for vacating the arbitrator's decision." Yet, on appeal, Zweigle does not address the district court's reasoning, nor does he attempt to identify the statutory grounds on which these arguments are based. *See Bad Ass Coffee Co. of Hawaii Inc. v. Royal Aloha Int'l LLC*, 2020 UT App 122, ¶ 55 (rejecting the appellees' argument because they failed to "address the district court's reasoning and explain why it was

---

1. To the extent that Zweigle claims that the arbitrator refused to address any other claims, such a contention is not borne out by the record. In the award, the arbitrator addressed "all other claims," stating that he did not "see any path for recovery by [Zweigle] and . . . considered and rejected each theory of liability and each counterclaim." He stated that "[a]ll claims not addressed herein are denied."

wrong in their opening brief"). Accordingly, Zweigle has not established any grounds for reversing the district court's order denying his motion to vacate the arbitration award.

### III. Attorney Fees

¶21 Appellees request an award of the attorney fees incurred in defending this appeal. "When a party who received attorney fees below prevails on appeal, the party is also entitled to fees reasonably incurred on appeal." *Telegraph Tower LLC v. Century Mortgage LLC*, 2016 UT App 102, ¶ 52, 376 P.3d 333 (cleaned up). Because Appellees were awarded attorney fees by the district court, they are entitled to fees as the prevailing party on appeal.[2]

### CONCLUSION

¶22 We conclude that the district court did not err in refusing to vacate the arbitration award on the various grounds asserted by Zweigle. Further, we conclude that any error in refusing to hold a hearing pursuant to rule 7(h) of the Utah Rules of Civil Procedure was harmless. We therefore affirm the court's ruling confirming the arbitration award. As the prevailing party, Appellees are entitled to recover their attorney fees on appeal, and we remand to the district court to calculate the amount of attorney fees reasonably incurred.

―――――――

2. Appellees also request an award of attorney fees against "both Zweigle and his counsel, jointly and severally," under rule 33 of the Utah Rules of Appellate Procedure. However, "damage awards under rule 33 are reserved only for egregious cases," *Redden v. Redden*, 2020 UT App 22, ¶ 42 n.5, 461 P.3d 314 (cleaned up), and we do not consider this to be an egregious case.